08-1892

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
JOSE RODRIGUEZ, *et al.*                      :
                                              :  CASE NO. 1:08-CV-1892
            Plaintiffs,                       :
                                              :
vs.                                           :  OPINION & ORDER
                                              :  [Resolving Doc. No. 157.]
CITY OF CLEVELAND, *et al.*                   :
                                              :
            Defendants.                       :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is Plaintiff Karen Palmer's motion for reconsideration of the Court's May 26, 2009 opinion and order granting summary judgment against Plaintiff Palmer on all of her claims. For the following reasons, the Court **DENIES** the Plaintiff's motion for reconsideration.

**I. Background**

Plaintiff Palmer filed suit against Defendants City of Cleveland, Robert Miller, Gerald Hall, Rasco Davis, and Michael McGrath (collectively, the "Defendants") on October 14, 2008. [Doc. 1.] The suit arose out of the actions allegedly taken by the Defendants in July 2006 and thereafter. In her Amended Complaint, Palmer set forth the following causes of action: (1) a claim made under § 1983 for malicious prosecution and illegal attachment in violation of the Fourth and Fifth Amendments; and (2) a claim made under § 1983 for an unreasonable search and seizure in violation of the Fourth Amendment. [Doc. 26.] On February 11, 2009, Palmer's case was consolidated with a case filed by Jose and Carmen Rodriguez against the Defendants, [Doc. 48]; Palmer had sold or

Case No. 1:08-CV-1892
Gwin, J.

was in the process of selling certain property to Rodriguez that was the subject of both suits.

On April 6, 2009, Plaintiff Palmer filed a motion for partial summary judgment on her Fourth Amendment unreasonable search and seizure claim. [Doc. 101, 144.] The Defendants, in turn, opposed this motion and moved for summary judgment on Palmer's unreasonable search and seizure and malicious prosecution and illegal attachment claims. [Doc. 117,118, 149.] Palmer opposed the Defendants' summary judgment motion. [Doc. 126.] On May 26, 2009, the Court denied Palmer's partial summary judgment motion and granted summary judgment in favor of the Defendants on both of Palmer's claims. [Doc. 156.] The Court found that it was barred from considering Palmer's claims because they were brought after the relevant statute of limitations for § 1983 claims had expired. [*Id.* at 22-24.]

Plaintiff Palmer now asks that the Court reconsider its May 26, 2009 decision with respect to its grant of summary judgment against Palmer on both of her claims. [Doc. 157.]

## II. Legal Standard

The Federal Rules do not describe motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment. See *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979) ("[A] motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment."). Such a motion is extraordinary and is seldom granted because it contradicts notions of finality and repose. See *Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

A court may grant a motion to amend or alter judgment if a clear error of law or newly

Case No. 1:08-CV-1892
Gwin, J.

discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)). When the "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

Rule 59 motions are subject to time limitation. A Rule 59(e) motion to alter or amend judgment "must be filed no later than 10 days after the entry of the judgment."[1] FED. R. CIV. P. 59(e).

### III. Analysis

The Court denies this extraordinary motion because Plaintiff Palmer does not present any evidence that clear error or newly discovered evidence exists, an intervening change in controlling law has occurred, or that manifest injustice would be prevented if the Court grants the motion for reconsideration. Indeed, Palmer's motion to reconsider merely repeats the same arguments that she made in her motions for partial summary judgment and in opposition to the Defendants' motion for full summary judgment – motions that the Court carefully reviewed and considered prior to issuing

---

[1] Rule 6 also governs the extension of time in a Rule 59(e) motion. Rule 6(b)(2) states that a "court must not extend the time to act" under Rule 59(e), except as that Rule provides. FED. R. CIV. P. 59(e).

Case No. 1:08-CV-1892
Gwin, J.

its May 26, 2009 decision.

### IV. Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff Palmer's motion for reconsideration.

IT IS SO ORDERED.


Dated: June 3, 2009                             *s/     James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE