UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
JOSE RODRIGUEZ, *et al.*                            :
                                                    :       CASE NO. 1:08-CV-1892
                          Plaintiffs,               :
                                                    :
vs.                                                 :       OPINION & ORDER
                                                    :       [Resolving Doc. Nos. 159, 177.]
CITY OF CLEVELAND, *et al.*                          :
                                                    :
                          Defendants.               :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Defendants City of Cleveland, Michael McGrath, Robert Miller, Gerald Hall, and Rasco

Davis (collectively, the "Defendants") have filed an interlocutory appeal of this Court's denial of the

Defendants' qualified immunity defense to liability under 42 U.S.C. § 1983.  [Doc. 156.] Plaintiff

Rodriguez has moved to preserve the trial date and has asked the Court to deem any interlocutory

appeal filed by the Defendants to be frivolous. [Doc. 159, 177.]  For the reasons stated below, the

Court **GRANTS** the Plaintiff's motion and **DECLINES TO ISSUE** a stay of the matter pending the

resolution of the Defendants' interlocutory appeal.

## I. Legal Standard

        After specific consideration, the United States Congress adopted a final judgment rule with

its Judiciary Act of 1789.[1/]  Through the final judgment rule, Congress provides that a litigant has

the right to appeal only a "final decision," which the Supreme Court has generally said is a final

_____

        [1/]*See* 28 U.S.C. § 1291 (providing for court of appeals jurisdiction over appeals from the final decisions of
federal district courts); 28 U.S.C. § 1257 (providing for United States Supreme Court jurisdiction over appeals from the
final decisions of the highest court of a state).

Case No. 1:08-CV-1892
Gwin, J.

judgment that "ends the litigation on the merits."[2] In its decision in *Mitchell v. Forsyth*, 472 U.S. 511 (1985), however, the Court created a narrow exception from the final judgment rule in the form of interlocutory appeals.  This judicially created exception was wrong at its inception and has created terrible inefficiencies with respect to the administration of justice.  If not completely reversed, it should certainly be cabined.

Congress alone establishes circuit and district court jurisdiction.  Contrary to the Court's ruling in *Mitchell*, Congress clearly elected not to allow piecemeal appeals.  Exercising its authority to establish appellate jurisdiction, Congress both enacted the final judgment rule and has declined to create exceptions to that rule.  With an understanding that piecemeal appeals unfairly delay the resolution of disputes and burden appellate courts, Congress wisely chose to require that appeals be taken only from final, determinative judgments.

The *Mitchell* Court provided only a weak justification for allowing limited interlocutory appeals.  Instead, the Court explained its disregard of Congress's authority over jurisdiction on a normative basis.  Allowing interlocutory appeals from qualified immunity denials is justified, the Court said, because interlocutory appeals reduce the disruption of important governmental functions and reduce litigation expenses occasioned by incorrect district court decisions.

In *Mitchell*, the plaintiff sued the Attorney General of the United States.  The litigation indeed threatened to disrupt the function of important government officials.  Against this background, the Court allowed an interlocutory appeal from a trial court's denial of qualified immunity.  By contrast, almost no typical §1983 case threatens to disrupt important governmental functions.  Instead, the overwhelming majority of § 1983 cases involve relatively low-level public

---

[2] 28 U.S.C. § 1291; *see also Catlin v. United States*, 324 U.S. 229, 233 (1945).

Case No. 1:08-CV-1892
Gwin, J.

employees.

*Mitchell* was also incorrect in suggesting that an interlocutory appeal would mitigate litigation expenses.  In providing for a limited exception to the final judgment rule, the *Mitchell* Court stressed the importance of stopping frivolous claims that distract officials, inhibit discretionary action, and deter public service.  *Id.* at 526.  The eradication of frivolous claims that created substantial litigation expenses through the implementation of interlocutory appeals never occurred, however.  In most § 1983 cases, nearly all of the case preparation expenses are incurred before the government officials seek to establish qualified immunity.  In contrast, huge additional expenses result from the use of interlocutory appeals.  Briefing, travel, and general preparation impose significant costs.  Plaintiffs, of course, also bear great costs as a result of the use of interlocutory appeals.

More importantly, courts of appeals expend significant resources reviewing qualified immunity cases.  Such efforts seem to be wasted, as most § 1983 trials last fewer that three days.  Defendants win significant majorities of § 1983 cases tried to juries.  And even if a defendant loses, nothing stops a post-verdict review relating to qualified immunity, a review that can be made upon a better record.

As a general rule, therefore, a defendant can file an interlocutory appeal of the denial of his motion for summary judgment on qualified immunity grounds.  *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994) (citing *Mitchell*, 472 U.S. at 522).  When such an appeal is taken, the district court is divested of jurisdiction and proceedings are stayed pending a decision by the appellate court.  *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990); *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989).

Case No. 1:08-CV-1892
Gwin, J.

A defendant's right to bring such an interlocutory appeal is strictly curtailed by two limitations, however.  First, a defendant cannot stop district court proceedings by simply asserting a frivolous interlocutory appeal.  If a defendant's challenge to the denial of his qualified immunity defense is devoid of merit, the district court can declare it as such and move forward with the case. *See Behrens v. Peltier*, 516 U.S. 299, 310-11 (1996) (citing *Yates v. Cleveland*, 941 F.2d 444, 448-49 (6th Cir. 19991)); *Kennedy v. City of Cleveland*, 797 F.2d 297, 298 (6th Cir. 1986) (holding that the right to take an interlocutory appeal on qualified immunity issues is "subject to waiver for noncompliance with reasonable temporal limitations placed by the district court upon the filing of motions seeking immunity").

The purpose underlying the district court's authority to disregard a frivolous interlocutory appeal is manifest.  An interlocutory appeal is "subject to abuse." *Kennedy*, 797 F.2d at 300.  A defendant can assert an interlocutory appeal simply to delay a proceeding, causing prejudice to both the plaintiff and the court.  To avoid the "deleterious effects of unfounded delays," some Circuit Courts have held that the district court retains the authority to certify an appeal as frivolous and "get on with trial."[3] *Apostol*, 870 F.2d at 1339.

Second, a defendant cannot immediately appeal a district court order denying him summary judgment on qualified immunity grounds if the determination is fact-related.  The Supreme Court held in *Johnson v. Jones*, 515 U.S. 304 (1995), that qualified immunity appeals should be limited to "cases presenting neat abstract issues of law." *Id.* at 317 (citation omitted).  The Sixth Circuit has noted that denials of summary judgment are only appealable if "the issue on appeal is not what

[3]The Sixth Circuit has not explicitly adopted this proposition.  However, that court's discussion in *Kennedy* and *Yates*, coupled with the persuasive reasoning of the Seventh Circuit in *Apostol*, convinces this Court that the Sixth Circuit will not allow a frivolous interlocutory appeal to delay a civil rights action.

-4-

Case No. 1:08-CV-1892
Gwin, J.

facts the parties may be able to prove, but whether the plaintiff's facts, taken at their best, show a violation of clearly established law." *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999); *see also Turner v. Scott*, 119 F.3d 425, 428 (6th Cir. 1997). The Sixth Circuit lacks jurisdiction to review a denial of summary judgment that "turns on the existence of a genuine issue of material fact." *Skousen v. Brighton High Sch.*, 305 F.3d 520 (6th Cir. 2002); *see also Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 536 (6th Cir. 2002).

## II. Analysis

The Court finds that the Defendants' interlocutory appeal does not present non-frivolous, appealable questions of law and therefore it grants the Plaintiff's motion to preserve the trial date and to deem the Defendants' interlocutory appeal to be frivolous.

First, in light of the Defendants' brief, which is replete with references to disputed facts (a wholly improper inquiry on interlocutory appeal), it is not at all clear that the Defendants' interlocutory appeal is non-frivolous and was not submitted merely for the purposes of delay.

Further, the Court has been unable to find that the Defendants have presented "neat abstract issues of law" that can properly be considered by the Sixth Circuit on interlocutory appeal. The issues presented by the Defendants in their brief (that were intertwined with a number of purported factual disputes) are as follows: (1) the Court failed to separately analyze the applicability of qualified immunity with respect to each individual Defendant; (2) the Court erroneously stated that the criminal trial judge found a lack of probable cause with respect to Plaintiff Rodriguez's claim; (3) the Court erred in finding issues of material fact as to the extent of each Defendant's participation in a violation of Rodriguez's Fourth Amendment rights, but still granting summary judgment in

Case No. 1:08-CV-1892
Gwin, J.

favor of Rodriguez on his Fourth Amendment search and seizure claim; and (4) the Court failed to analyze the issue – raised by both Rodriguez and the Defendants – of whether Cleveland Codified Ordinance 677A is preempted by federal law.

The Defendants do not link any of these alleged issues of law to the ultimate question that the Sixth Circuit must decide on interlocutory review – whether the Defendants' conduct did or did not violate clearly established law. *See Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citations omitted) ("Interlocutory review is permitted where a defendant argues merely that his alleged conduct did not violate clearly established law. This is a legal question and is independent from the question of whether there are triable issues of fact."). Additionally, the Defendants, in their brief, conflate these alleged issues of law with plainly factual matters. "[T]he refusal to concede factual questions to a plaintiff will typically doom a defendant's interlocutory appeal on qualified immunity." *Id.*

Because the Defendants never raise "the purely legal question of whether the facts alleged . . . support a claim of violation of clearly established law, . . . there is [no] issue over which [the Sixth Circuit] has jurisdiction.'" *Id.* (citations omitted). As a result, the Court declines to issue a stay pending the resolution of the Defendants' interlocutory appeal and grants Plaintiff Rodriguez's motion to preserve the trial date and to deem the Defendants' appeal to be frivolous.

Finally, the Court's denial of the issuance of a stay is proper because this is not the type of case in which the concerns regarding the timing of the determination of qualified immunity, as they were set out in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), are implicated.

In *Harlow*, the Supreme Court noted that "substantial costs attend the litigation of the

-6-

Case No. 1:08-CV-1892
Gwin, J.

subjective good faith of government officials. . . . [including] the general costs of subjecting officials to the risks of trial – distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id.* at 816. These concerns do not apply in this case. We are now on the eve of trial, which will last only a few days. Subjecting the officers involved in this case to trial would be less injurious to them then forcing them to wait for over a year for the Sixth Circuit to issue its decision on the Defendants' interlocutory appeal and then subjecting them to trial. Additionally, the Defendants can choose to raise the same issues articulated in their brief on appeal following the conclusion of the trial – nothing would prevent them from doing so. *See Mitchell*, 472 U.S. at 553-54 (Brennan, J., dissenting) ("I have no doubt that trial judges . . . will have little difficulty in achieving *Harlow*'s goal of early dismissal of frivolous or insubstantial lawsuits. . . . [Moreover, in] cases in which the official *did* violate a clearly established legal norm . . . nothing is to be gained by permitting interlocutory appeal because the[se] [cases] should proceed as expeditiously as possible to trial."); Laurens Walker, Essay, *A Model Plan to Resolve Federal Class Action Cases by Jury Trial*, 88 VA. L. REV. 405, 428 (2002) (citations omitted) (arguing that "[b]y avoiding interlocutory appeals, the trial process . . . may proceed more rapidly, because it will not need to be stalled while waiting for an appellate ruling on some point").

### III. Conclusion

For the reasons stated above, the Court **GRANTS** the Plaintiff's motion to preserve the trial

Case No. 1:08-CV-1892
Gwin, J.

date and to deem the Defendants' appeal to be frivolous and **DECLINES TO ISSUE** a stay of the

matter pending the resolution of the Defendants' interlocutory appeal.

      IT IS SO ORDERED.


Dated: June 10, 2009                     s/        *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE